UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

SHAHIN SHARIFI,

           Petitioner,                            Case No. 1:26-cv-1932

v.                                        Honorable Paul L. Maloney

KEVIN RAYCRAFT et al.,

           Respondents.
_____/

## OPINION

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee, initiated this action by filing a counseled combined petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will grant Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## Discussion

### I.      Procedural History

In Petitioner's § 2241 petition, Petitioner challenges the lawfulness of his current detention and asks the Court to, *inter alia*, accept jurisdiction over this action and issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ordering Respondents to release Petitioner under the conditions that existed under Petitioner's Order of Supervision. (Pet., ECF No. 1, PageID.15.)

In an order entered on June 25, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner should not be granted. (Jun. 25, 2026, Order, ECF No. 3.) On June 30, 2026, the Court entered an order extending the deadline for Respondent's response until July 7, 2026. (Jun. 30, 2026, Order, ECF

No. 5.) Respondents filed their response on July 2, 2026, (ECF No. 5), and Petitioner filed his reply on July 6, 2026, (ECF No. 7).

## II.    Relevant Factual Background

Petitioner is a native and citizen of Iran. (Notice to Appear (NTA), ECF No. 1-1, PageID.18.) Petitioner entered the United States on or about August 2, 2024. (*Id.*; Pet., ECF No. 1, PageID.7.)

On March 20, 2025, ICE agents arrested Petitioner when Petitioner appeared for his scheduled check-in. (Pet., ECF No. 1, PageID.7.) The Department of Homeland Security (DHS) issued Petitioner a Form I-862, NTA, charging Petitioner with inadmissibility under §§ 212(a)(6)(A)(i) and 212(a)(7)(A)(i)(I) of the Immigration and Nationality Act (INA) because Petitioner is an immigrant "present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General," and "who, at the time of application for admission, is not in possession of a valid unexpired [immigration or travel document]." (NTA, ECF No. 1-1, PageID.18–21.)

On November 26, 2025, an Immigration Judge ordered Petitioner removed to Iran. (Acree-Manuel Decl. ¶ 23, ECF No. 6-1, PageID.49.) Petitioner did not appeal that decision. (*Id.*) Petitioner acknowledges that his order of removal became administratively final on December 26, 2025. (Pet., ECF No. 1, PageID.5.)

On January 2, 2026, ICE "nominated [Petitioner] for the next Special High-Risk Charter Mission to Iran, which was scheduled for January 25, 2026." (Acree-Manuel Decl. ¶ 24, ECF No. 6-1, PageID.50.) Petitioner was not removed at that time due to "mandatory quarantine protocols" at the staging facility where Petitioner was awaiting removal. (*Id.* ¶ 25.) On February 16, 2026, Petitioner was transferred from the Florence Staging Facility to the North Lake Processing Center. (*Id.* ¶ 27.)

On April 29, 2026, ICE submitted a travel document request to ICE headquarters. (*Id.* ¶ 32, PageID.51.) ICE has not acquired travel documents. (*Id.* ¶ 38, PageID.52.) However, on May 28, 2026, ICE nominated Petitioner for an "upcoming" charter flight to Iran. (*Id.* ¶ 34, PageID.51.) The local ICE office "was advised that additional information on the flight would be forthcoming." (*Id.*) There is no indication that the local ICE office has received that information.

The last removal mission to Iran occurred in late-January 2026. (*Id.* ¶ 38, PageID.52.) Removal missions where then paused due to the conflict with Iran. (*Id.*) That conflict remains ongoing. (*See* Pet., ECF No. 1, PageID.9.)

### III.    Habeas Corpus Legal Standard

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A. A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

### IV.    Merits Discussion

The parties agree that because Petitioner has a final order of removal, Petitioner's present detention is governed by 8 U.S.C. § 1231. However, Petitioner contends that his detention is unlawful and violates the Due Process Clause of the Fifth Amendment. (Pet., ECF No. 1, PageID.13.) In response, Respondents argue that Petitioner's continued detention under 8 U.S.C. § 1231(a) remains lawful and does not implicate the constitutional concerns identified in *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001). (*See* Resp., ECF No. 6, PageID.37–40.)

3

Section 1231 provides that "when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the 'removal period')." 8 U.S.C. § 1231(a)(1)(A). "During the removal period, the Attorney General shall detain the alien." *Id.* § 1231(a)(2)(A). Here, as noted above, Petitioner's order of removal became final on December 26, 2025. The 90-day removal period following the order expired well before Petitioner filed the present action. *See id.* § 1231(a)(1) ("The [90-day] removal period begins on . . . [t]he date the order of removal becomes administratively final.").

In *Zadvydas v. Davis*, the Supreme Court held that following the removal period, the Government may continue to detain the noncitizen for a "presumptively reasonable period" of time, which the Supreme Court concluded equaled a total of six months in detention. *See Zadvydas*, 533 U.S. at 701. Following that six-month period, "once [a noncitizen] provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.*[1] "[O]nce [a noncitizen's] removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." *Id.* at 699.

In this case, Petitioner has been in custody for over six months following the entry of Petitioner's final order of removal. Petitioner argues that there is a good reason to believe that no significant likelihood of removal exists because Respondents have been unable to remove

---

[1] The Court notes that the Supreme Court recently held that § 1231(a)(6) does not require the "Government to offer detained noncitizens bond hearings after six months of detention in which the Government bears the burden of proving by clear and convincing evidence that a noncitizen poses a flight risk or a danger to the community." *See Johnson v. Arteaga-Martinez*, 596 U.S. 573, 576 (2022). The Court, however, did not reach Arteaga-Martinez's constitutional or *Zadvydas* claims, concluding that such claims were not properly before the Court. *See id.* at 583–84.

Petitioner since December and have paused removals to Iran in light of the ongoing conflict with Iran. (Pet., ECF No. 1, PageID.8–9.)

The Court concludes that Petitioner has met his burden of providing "good reason" to believe that "there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701. Because Petitioner has met his burden, Respondents must respond with evidence sufficient to rebut that showing. *Id.* In reviewing the record before the Court, Respondents have failed to respond with sufficient evidence to rebut Petitioner's showing that there is a "good reason to believe" that Petitioner will not be removed in the "reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701. The Court, therefore, will grant Petitioner's § 2241 petition.

## V.    Other Claims and Other Forms of Relief

Because the Court will grant Petitioner's § 2241 petition as set forth herein, the Court does not address other claims and other requested relief in Petitioner's § 2241 petition.

## VI.    Proper Respondents

Respondents argue that the Detroit ICE Field Office Director is the only proper Respondent in this action. They seek the dismissal of the other named Respondents. The Court concludes that the ICE Detroit Field Office Director is not the only proper Respondent for the reasons set forth in the Court's analysis of the same argument in each of the following cases: *Antele Cobix v. Raycraft*, No. 1:25-cv-1669, 2025 WL 3562651, at *8–9 (W.D. Mich. Dec. 12, 2025); *Candela Bastidas v. Noem*, No. 1:25-cv-1528, 2025 WL 3562638, at *8–9 (W.D. Mich. Dec. 12, 2025); *Acuna Sanchez v. Noem*, No. 1:25-cv-1442, 2025 WL 3562577, at *9–10 (W.D. Mich. Dec. 12, 2025); *Penagos Robles v. U.S. Dep't of Homeland Sec.*, No. 1:25-cv-1578, 2025 WL 3558128, at *9–10 (W.D. Mich. Dec. 12, 2025). To ensure that this Court's orders regarding habeas relief will bind at least one Respondent with authority to act in the event that Petitioner is transferred

outside the area under the authority of the ICE Detroit Field Office, the Court will retain all of the remaining Respondents.

### Conclusion

For the reasons discussed above, the Court will enter an order directing Respondents to release Petitioner from detention, subject, as applicable, to an order of supervision within five days of the date of this opinion and corresponding order. The Court will also order Respondents to file a status report within six business days of the date of this Court's opinion and order to certify compliance with this opinion and the corresponding order.

Dated:    July 8, 2026                              /s/ Paul L. Maloney
                                                     Paul L. Maloney
                                                     United States District Judge